JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-01393-JLS-DFM                                Date: November 17, 2017
Title: Michael Gonzales v. Peter Thomas Roth Labs, LLC et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                    Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FAC (Doc. 16)**

Before the Court is Defendant Peter Thomas Roth Labs, LLC's Motion to Dismiss. (Mot., Doc. 16.) Plaintiff Michael Gonzales filed an Opposition (Opp., Doc. 21), and Defendant filed a Reply (Reply, Doc. 22).[1] On November 17, 2017, the Court held a hearing on the Motion. For the reasons given below, the Court GRANTS Defendant's Motion.

## I.   BACKGROUND

Plaintiff seeks to represent a California-wide class of those who purchased Defendant's Rose Stem Cell Bio-Repair Precious Cream product ("the Product"). (First

---

[1] On November 6, 2017, Plaintiff filed an Ex Parte Application for Leave to File a Sur-Reply. (App., Doc. 24.) Plaintiff argued that he was entitled to file a sur-reply because Defendant's Reply had relied on *Bush v. Mondelez Int'l, Inc.*, 2016 WL 7324990 (N.D. Cal. Dec. 16, 2016 (*Bush II*), a case that Defendant did not raise in its initial Memorandum. (App. at 1.) However, Plaintiff's Opposition relied extensively on *Escobar v. Just Born, Inc.*, No. 2:17-cv-01826-BRO-PJW, slip op. (C.D. Cal. June 12, 2017). The *Escobar* court explicitly addresses and distinguishes *Bush*. *See id.* at 13. Accordingly, Plaintiff was on notice that *Bush* was a relevant case, and nothing prevented Plaintiff from addressing it in his Opposition. The Application is DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-01393-JLS-DFM                                        Date: November 17, 2017
Title: Michael Gonzales v. Peter Thomas Roth Labs, LLC et al.

Amended Complaint ("FAC") ¶ 2, Doc. 10.) In the FAC, Plaintiff embedded a photo of the Product's non-transparent outer-packaging, which is reproduced below:



(Id. at 6.) In the Memorandum to its Motion, Defendant also embedded a photo, which depicts the exterior side panel of the Product's packaging, reproduced below:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-01393-JLS-DFM　　　　　　　　　　　　Date: November 17, 2017
Title: Michael Gonzales v. Peter Thomas Roth Labs, LLC et al.



(Mem. at 1, Doc. 16-1; Shamonki Decl. Ex. C at 12–17, Doc. 16-2.)[2]

　　　The photos show that the front of the packaging not only depicts the jar contained therein, but it also states the net volume and weight of the Product itself. Moreover, the

---

[2] The Court takes judicial notice of Defendant's images of the side panel of the Product's packaging. (Mem. at 1; Shamonki Decl. Ex. C. at 12–17.) "A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). Moreover, a plaintiff cannot "surviv[e] a Rule 12(b)(6) motion by deliberately omitting references to documents upon which [its] claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *as amended* (July 28, 1998) (superseded by statute on other grounds). The FAC includes only a partial image of the Product's packaging. (FAC at 6–7.) Defendant has provided a complete image of the packaging, which is central to the Plaintiff's claims and whose authenticity is not disputed. (See Pl.'s Evidentiary Objections, Doc. 21-1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-01393-JLS-DFM                                     Date: November 17, 2017
Title: Michael Gonzales v. Peter Thomas Roth Labs, LLC et al.

side paneling has a disclaimer that states "PRODUCT ACTUAL SIZE," with an adjacent arrow pointing to the image of the jar on the front of the box.

Plaintiff alleges that he purchased the Product in June of 2017 in Costa Mesa, California. (FAC ¶ 3.) Plaintiff expected to receive "a full container" of the Product, but was "surprised and disappointed … to discover that the package had a false bottom and a false top, such that the actual volume of product was a small fraction of the exterior volume of the container." (Id.) He alleges that if he had been aware of the actual volume of cream contained within the packaging, he would not have purchased it. (Id. ¶ 24.)

On August 14, 2017, Plaintiff filed a Complaint on behalf of himself and all others similarly situated, alleging claims for (1) unfair and deceptive acts and practices under the California Consumers Legal Remedies Act (CLRA), (2) violations of California's Unfair Competition Law (UCL), and (3) violations of California's False Advertising Law (FAL). (Compl. ¶¶ 42–72, Doc. 1.) On September 12, 2017, Plaintiff filed the FAC, alleging the same claims. (FAC ¶¶ 42–72.)

## II. LEGAL STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A court must draw all reasonable inferences in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Yet, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Federal Rule of Civil Procedure 15(a)(2) indicates that a court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-01393-JLS-DFM                                          Date: November 17, 2017
Title: Michael Gonzales v. Peter Thomas Roth Labs, LLC et al.

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (indicating that the Rule 15(a)(2) policy is to be applied with "extreme liberality") (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).  However, Rule 15's "liberality does not apply when amendment would be futile."  *Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016).

### III.    DISCUSSION

Under the UCL, FAL, and CLRA, courts apply the "reasonable consumer" test, which requires a plaintiff to show that "members of the public are likely to be deceived." *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (quotation marks omitted).  Although the "reasonable consumer" is not one who is "versed in the art of inspecting and judging a product," *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1125 (C.D. Cal. 2010), this test nonetheless "requires more than a mere possibility that [a product's] label 'might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.'"  *Ebner*, 838 F.3d at 965 (citations omitted).  "Rather, the reasonable consumer standard requires a probability 'that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'"  *Id.*

The question of whether a business practice is "deceptive" in most cases presents a question of fact not amenable to resolution on a motion to dismiss.  *See Williams*, 552 F.3d at 938.  "However, in certain instances, [a] [c]ourt can properly make this determination and resolve such claims based on its review of the product packaging." *Pelayo v. Nestle USA, Inc.*, 989 F. Supp. 2d 973, 978 (C.D. Cal. 2013). "[W]here a [c]ourt can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate." *Id.*; *see also Bush v. Mondelez Int'l, Inc.*(*Bush I*), 2016 WL 5886886, at *3 (N.D. Cal. Oct. 7, 2016) (holding that plaintiff failed to state a plausible claim of consumer deception based on product packaging where the outer packaging disclosed both the net weight and the number of cookies contained therein); *Stewart v. Riviana Foods Inc.*, 2017 WL 4045952, at *9 (S.D.N.Y. Sept. 11, 2017) (citing *Ebner v. Fresh* for the proposition that "[a] 'rational

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-01393-JLS-DFM      Date: November 17, 2017
Title: Michael Gonzales v. Peter Thomas Roth Labs, LLC et al.

___

consumer,' would not 'simply assume' something about the product that a cursory inspection would show not to be true").

In *Ebner v. Fresh*, the Ninth Circuit dismissed claims that the "vastly oversized" cardboard packaging around a tube of lip balm was misleading where both the label of the tube and the accompanying box disclosed the correct weight of included lip product. *Ebner*, 838 F.3d at 962, 967. The court reasoned that in the context of the "high-end cosmetics market," "elaborate packaging … is commonplace and even expected by a significant portion of [the defendant's] 'targeted consumers.'" *Id.* at 967. "No reasonable consumer expects the weight or overall size of the packaging to reflect directly the quantity of product contained therein." *Id.* Thus, the court found that the plaintiff could not plausibly allege its packaging-based claims. *Id.*

The allegations of oversized product packaging in this case closely mirror those made in *Ebner*. *Id.* The Product is a high-end cosmetic cream costing $52.00 per jar. (Mem. at 9.) Plaintiff claims that the oversized outer packaging misled him into believing that he was "purchasing substantially more product" than he actually received. (FAC ¶ 17.) However, as in *Ebner*, the packaging of this "high-end" cosmetic discloses the accurate net weight of the quantity of product inside the package. *Ebner*, 838 F.3d at 967. Even more, as the photos included in the FAC show, the packaging actually depicts the jar inside. (FAC at 6.) Even if, as he alleges, Plaintiff did not rotate the box ever so slightly prior to purchase to see the "PRODUCT ACTUAL SIZE" notice on the side panel (Id. ¶ 18, n.3), the photo of the jar and the net weight listed on the front of the packaging should have put him on notice that the "overall size of the packaging [did not] reflect directly the quantity of product contained therein." *Ebner*, 838 F.3d at 967. Accordingly, a "reasonable consumer" would not "simply assume something about the product that a cursory inspection would show not to be true." *Stewart*, 2017 WL 4045952, at *9.

Plaintiff cites to a district court order in *Escobar v. Just Born*,[3] which dealt with candy packaging. *See Escobar v. Just Born, Inc.*, No. 2:17-cv-01826-BRO-PJW, slip op.

___

[3] Plaintiff's request for judicial notice of the order filed in *Escobar v. Just Born, Inc.*, No. 2:17-cv-01826-BRO-PJW, slip op. (C.D. Cal. June 12, 2017) is GRANTED. (See Pl. RJN, Doc. 21-2; Ex. 1 to Pl. RJN, Doc. 21-3.) Judicial notice is proper as to court filings

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:17-cv-01393-JLS-DFM | Date: November 17, 2017 |
| Title: Michael Gonzales v. Peter Thomas Roth Labs, LLC et al. | |

(C.D. Cal. June 12, 2017). In *Escobar*, the plaintiff alleged that the defendant packaged its candy in an opaque container, 35.7% of which was non-functional empty space, in order to mislead consumers into believing they were purchasing more candy than they received. *Id.* at 11. The court denied the defendant's motion to dismiss, reasoning that although the defendant printed the net weight of the candy on the outside of the box, a "reasonable consumer is not necessarily aware of … how that weight or volume correlates to the product's size." *Id.* at 15. In this case, by contrast, the net weight disclosure is accompanied by a photo of the jar inside, *and* a notice that the photo represents the Product's actual size. (Mem. at 1.) Accordingly, a reasonable purchaser of Defendant's Product would be aware of how the net weight on the outside corresponded to the amount of face cream inside. *See Escobar*, No. 2:17-cv-01826-BRO-PJW, at 15.

In conclusion, Plaintiff has not plausibly pleaded reasonable reliance on the Product's outer packaging.[4]

## IV.    CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's Motion to Dismiss. At the hearing, the Court inquired into whether Plaintiff could address the Court's concerns through amendment of the FAC. Plaintiff stated that he did not believe that he could do so. Accordingly, Plaintiff's claims are dismissed with prejudice.

Initials of Preparer:  tg

---

and other matters of public record. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

[4] Although some of the allegations in the FAC "sound in fraud" (see, e.g., FAC ¶¶ 61–64), and thus are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b), *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003), Plaintiff's allegations of reasonable reliance do not satisfy Rule 8's "plausibility" standard, so the Court need not consider whether the allegations of fraud satisfy Rule 9(b)'s "particularity" standard. *See Bush I*, 2016 WL 5886886, at *4.